# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHERYL AGUNBIADE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-00410-CV-RK |
| BP CHESTNUT AZ 2 LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Notice of Removal. (Doc. 1.) Defendants' Notice of Removal was filed on May 29, 2018. To date, Plaintiff has not filed any response to Defendants' Notice of Removal, and the time for doing so has expired. 28 U.S.C. § 1447(c). On July 9, 2018, the Court ordered Plaintiff to provide supplemental briefing on Defendants' allegations of fraudulent joinder and for Defendants BP Chestnut AZ 2 LLC; BGF Private Real Estate Fund 1 Chestnut, LLC; and Bridge Co-Investment Fund 1 Chestnut, LLC to provide citizenship of each of their members to the Court (doc. 1 at 7-9). (Doc. 12.)

The Court finds jurisdiction is lacking because Defendant DeeAnn Helm ("Defendant Helm") is a citizen of the state in which removal is sought. *See* 28 U.S.C. § 1441(b). Accordingly, for the reasons below, it is **ORDERED** that this action is remanded to the Circuit Court of Jackson County.

### Background

On April 10, 2018, Plaintiff filed this action in the Circuit Court of Jackson County, Missouri. *See Agunbiade v. BP Chestnut AZ 2 LLC et al.*, 1816-CV09310. Plaintiff's Complaint alleges negligence against all Defendants arising from injuries resulting from a slip and fall at The Ridge at Chestnut Apartment Homes located in Kansas City, Missouri. (Doc. 1.)

Defendants timely removed the action to this Court on May 29, 2018, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Defendants further assert that the Missouri citizenship of Defendant Helm should not be considered because Defendant Helm was fraudulently joined.

**Standard of Law**

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). Even if all parties are diverse, the "forum defendant rule" provides that the action cannot be removed to federal court if any of the properly joined and served defendants are citizens of the state in which the federal court where the action is brought. *See* 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005). In the Eighth Circuit, violation of the forum defendant rule is a jurisdictional defect and cannot be waived. *Id.* Therefore if the forum defendant rule is violated, the court must remand the case to the state court from which is was removed. 28 U.S.C. § 1447(c). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

Even if all parties are diverse, the action cannot be removed to federal court if any of the defendants are citizens of the state in which the action is filed. *See* 28 U.S.C. § 1441(b). This is commonly referred to as the forum defendant rule. *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005). A violation of the forum defendant rule is a jurisdictional defect and cannot be waived. *Id.*

**Discussion**

Defendants argue Defendant Helm was fraudulently joined in this action; therefore, Defendant Helm's citizenship should not be considered in the Court's jurisdiction analysis. *See Newby v. Wyeth, Inc.*, 2011 WL 5024572, at *2 (E.D. Mo. Oct. 21, 2011) ("When, as here, the basis for removing a case is diversity jurisdiction . . . the plaintiff has joined a . . . [citizen] of the forum state as a defendant, the removing party may avoid remand only by demonstrating that the non-diverse party was fraudulently joined") (citing *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)).

The Court must accept the allegations in the complaint as true. *Hragyil v. Walmart Stores East LP*, 2015 WL 12843193, at *2 (W.D. Mo. Mar. 31, 2015). Plaintiff's Complaint alleges Defendants negligently maintained premises under its control in Jackson County, Missouri, on July 19, 2015, resulting in injury to Plaintiff.

When a plaintiff has named a defendant that destroys jurisdiction, the defendant may avoid remand only by showing that the non-diverse party was fraudulently joined. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (citation omitted). Joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the [domiciled] defendants." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). "However, if there is a colorable cause of action – that is, if the state law might impose liability on the [domiciled] defendant under the facts alleged – then there is no fraudulent joinder." *Filla*, 336 F.3d at 809 (citation and internal quotations omitted). Additionally, if the sufficiency of the complaint is in question, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state court to decide." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977).

The parties dispute the position Defendant Helm held at the time of the accident. Defendants contend Defendant Helm was a regional manager for Defendant Bridge Property Management and managed approximately ten properties in Missouri and Kansas. Defendant Helm visited The Ridge at Chestnut Apartment Homes one to two times each month. Under Missouri law, an employee may be held personally liable to a third party if the employee, while not having complete control of the premises, breached a duty that the employee owed to the third person. *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. E.D. 1992) (citation omitted). "The test is whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." *Id*. (citation omitted). Here, viewing the allegations in the Complaint as true, Plaintiff has stated a colorable claim of liability against Defendant Helm in her position as regional manager under Missouri law. Accordingly, Defendant Helm was not fraudulently joined in this action. Because Defendant Helm is a citizen of the forum state of Missouri, the forum defendant rule is applicable and requires this case to be remanded.

**Conclusion**

For these reasons, the Court concludes that Plaintiff's allegations state a colorable cause of action in negligence against forum Defendant Helm.  Accordingly, this Court lacks subject matter jurisdiction over this action.  It is hereby **ORDERED** that this case is remanded to the Circuit Court of Jackson County, Missouri at Independence for further proceedings.

**IT IS SO ORDERED.**

                                               s/ Roseann A. Ketchmark
                                               ROSEANN A. KETCHMARK, JUDGE
                                               UNITED STATES DISTRICT COURT

DATED:  August 1, 2018